IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 15-696(PAD)

[22] JOSE D. SUAREZ-MARTINEZ,
Defendant.

**PLEA AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(B)**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney; Jose Capó-Iriarte, Assistant United States Attorney and Criminal Division's Chief; Alberto R. López-Rocafort, Assistant United States Attorney and Deputy Chief, Gang Unit; and César S. Rivera Giraud, Assistant United States Attorney, along with Defendant, **JOSE D. SUAREZ-MARTINEZ,** and his counsel, Rafael Anglada-Lopez, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to **COUNT ONE and SIX** of the Indictment.

**COUNT ONE charges:** Beginning on a date unknown, but not later than in or about 2008, and continuing up to and until the return of this indictment, in the Municipality of Cayey, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, Defendant and others, did knowingly and intentionally combine, conspire and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is: to possess with the intent to distribute 1 kilogram or more of a mixture or substance containing a

detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; 280 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance; 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; and a measurable amount of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance, all within 1,000 feet of the real property comprising a housing facility owned by a public housing authority, that is, Luis Muñoz-Morales and Brisas de Cayey Public Housing Projects and other areas within and near the Municipality of Cayey, Puerto Rico including but not limited to San Tomas and Canteras Wards. All in violation of Title 21, United States Code, Sections 846, 841(a)(1)(b)(1)(A) and 860.

**COUNT SIX charges**: Beginning on a date unknown, but not later than in or about 2008, and continuing up to and until the return of this indictment, in the Municipality of Cayey, in the District of Puerto Rico; elsewhere, and within the jurisdiction of this Court, Defendant and others, aiding and abetting each other, did knowingly possess firearms of different brands and calibers, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute heroin, crack cocaine, cocaine & marihuana, in violation of Title 21, United States Code, Section 841(a)(1) (as charged in Count One of this Indictment). All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

2

2. **PENALTIES**

The penalty for the offense charged in **COUNT ONE** of the Indictment is a term of imprisonment of not less than 10 years, and not more than life; a fine not to exceed $20,000,000; and a supervised release term of not less than 10 years; all pursuant to Title 21, United States Code, Sections 841(a)(1)(b)(1)(A), 846, and 860.

Based on the stipulated and agreed amount of narcotics possessed by Defendant, that is, at least 400 grams but less than 500 grams of cocaine, the penalty for the offense shall be a term of imprisonment of not less than 1 year, and not more than 40 years; a fine not to exceed 2,000,000; and a term of supervised release of at least 6 years; all pursuant to Title 21, United States Code, Sections 841(a)(1)(b)(1)(C), 846, and 860.

The penalty for the offense charged in **COUNT SIX** of the Indictment is a term of imprisonment of not less than 5 years, and UP TO LIFE; a fine not to exceed $250,000 or both, pursuant to Title 18, United States Code, Sections 924(c)(1)(A)(i), 3559(a)(1), 3571(b)(3); and a term of supervised release of not more than five (5) years, as provided by Title 18, United States Code, Section 3583(b)(1). The sentence to be imposed for **COUNT SIX** of the Indictment shall run consecutively to any term of imprisonment to be imposed, pursuant to Title 18, United States Code, Sections 924(c)(1)(A)(D)(ii).

3. **SENTENCING GUIDELINES APPLICABILITY**

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of sentence may not be suspended.

4.  **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

5.  **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

6.  **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

4

7. **SENTENCING GUIDELINES CALCULATIONS**

Although the Guidelines are now advisory, United States v. Booker, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. Booker, 125 S.Ct. at 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to **COUNT ONE and SIX**:

| Sentencing Guidelines Calculations Table COUNT ONE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Base Offense Level | At least 400 grams but less than ~~2.0 kilograms~~ 500 grams of cocaine (22) USSG:2D1.1(c)(9) | | | | | | | 22 |
| Specific Offense Characteristics | Protected Location. (+2) USSG:2D1.2(a)(1) | | | | | | | +2 |
| Role in the Offense | - | | | | | | | |
| Acceptance | Acceptance of responsibility (Offense level is 16 or more) (-3) | | | | | | | -3 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level |
| | 21 | 37-46 | 41-51 | 46-57 | 57-71 | 70-87 | 77-96 | 21 |
| | months | | | | | | | |

| Count Six of the Indictment 60 months | ... If the defendant, whether or not convicted of another crime, was convicted of violating section 924(c) of title 18 U.S.C., the guideline sentence is the minimum term of imprisonment required by statute (5 years). Said term is to be served consecutively to the term of imprisonment to be imposed in Count One. |
|---|---|

8. **SENTENCE RECOMMENDATION**

As to **COUNT ONE**, after due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the parties will recommend a sentence of imprisonment within the range of 37 to 46 months.

5

As to **COUNT SIX**, after due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the parties will recommend a sentence of imprisonment of 60 months, to be served consecutively with the term of imprisonment to be imposed in **COUNT ONE**.

9. **NO STIPULATION AS TO DEFENDANT'S CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

10. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the combined sentence imposed by the Court is 106 months of imprisonment or less, he waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

12. **DISMISSAL OF REMAINING COUNTS**

At sentencing, the United States will request the dismissal of the remaining counts against Defendant.

13. **SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, Rafael Anglada-Lopez, and asserts that counsel has rendered effective legal assistance.

14. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

      d.     At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

      e.     At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

**15.    STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

**16.    LIMITATIONS OF PLEA AGREEMENT**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**17.    ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other term and conditions not stated herein.

18. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

19. **BREACH AND WAIVER**

Defendant understands and agrees that if he breaches the plea agreement, he may be prosecuted and sentenced for all of the offenses that he may have committed. Defendant agrees that if he breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. Defendant also agrees that if he is in breach of this plea agreement, he is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**INTENTIONALLY LEFT IN BLANK**

## 20. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Jose Capo-Iriarte**
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 10/22/18

_____
**Alberto R. López-Rocafort**
Assistant U.S. Attorney
Deputy Chief, Narcotics Unit
Dated: 10/22/2018

_____
**César S. Rivera Giraud**
Assistant U.S. Attorney
Dated: 10/22/2018

_____
**Jose D. Suarez-Martinez**
Counsel for Defendant
Dated: 10/23/2018

_____
**Rafael Anglada-López**
Defendant
Dated: 10/23/2018

10

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. My counsel has translated the plea agreement and explained it to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and voluntarily agree to it.

Date: 10/23/2018

*Jose D. Suarez-Martinez*
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 10/23/2018

*Rafael Anglada-Lopez*
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States submits the following summary setting forth the version of the facts leading to defendant's acceptance of criminal responsibility for violating Title 21, United States Code, Sections 841(a)(1), 846, and 860; and Title 18, United States Code, Section 924(c)(1)(A)(i), as charged respectively in Counts One and Six of the Indictment 15-696(PAD).

Beginning on a date unknown, but not later than in or about 2008, and continuing up to and until the return of this indictment, in the Municipality of Cayey, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, Defendant and others, did knowingly and intentionally conspire to possess with the intent to distribute 1 kilogram or more of heroin; 280 grams or more of cocaine base ("crack"); 5 kilograms or more of cocaine; a measurable amount marijuana; detectable amounts of Oxycodone (commonly known as Percocet); and detectable amounts of Alprazolam (commonly known as Xanax); all within 1,000 feet of the real property comprising a housing facility owned by a public housing authority, that is, Luis Munoz Morales and Brisas de Cayey Public Housing Projects and other areas within and near the Municipality of Cayey, Puerto Rico including but not limited to San Tomas and Canteras Wards. All in violation of Title 21, United States Code, Sections 846, 841(a)(1)(b)(1)(A) and 860.

Beginning on a date unknown, but not later than in or about 2008, and continuing up to and until the return of this indictment, in the Municipality of Cayey, in the District of Puerto Rico; elsewhere, and within the jurisdiction of this Court, Defendant and others, aiding and abetting each other, did knowingly possess firearms of different brands and calibers, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy

12

to possess with intent to distribute heroin, crack cocaine, cocaine & marihuana, in violation of Title 21, United States Code, Section 841(a)(1) (as charged in Count One of this Indictment). All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

Defendant admits that he was an armed seller for the drug trafficking organization at Luis Munoz-Morales Public Housing Project. As a seller, he distributed street quantity amounts of heroin, crack cocaine, cocaine and marijuana, at the drug distribution points. Defendant possessed and carried firearms in furtherance of the drug trafficking operations, and to protect other members of the organization, the narcotics, and the proceeds derived from the sales of the narcotics from rival gangs.

Although multi-kilogram amounts of the controlled substances mentioned in the in the indictment were sold during the conspiracy, for purposes of this plea agreement Defendant admits that he conspired to possess with intent to distribute at least 400 grams but less than 500 grams of cocaine, to yield a base offense level of 22.

Defendant admits that he joined the conspiracy willfully and knowingly and that it was his intent at all times that the objectives of the conspiracy succeed. At no time prior to his arrest did Defendant manifest his intent to withdraw from the conspiracy.

Defendant agrees that the facts contained in this statement are true, including any handwriting edits that may be added to the statement. He adopts this statement of facts as his testimony in support of his guilty plea, and requests the Court to consider it as the basis for its finding of guilt as to **COUNTS ONE and SIX**, to which he has plead.

*United States v. Jose D. Suarez-Martinez, 15-696-22(PAD)*
*Plea Agreement*

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in **COUNTS ONE and SIX** of the Indictment by presenting physical and documentary evidence, including but not limited to: the controlled substances and firearms seized, photographs, videos, and the testimony of forensic chemists as expert witnesses, cooperators, as well as the testimony of Homeland Security Investigations and Police of Puerto Rico agents among others.

Full Discovery was timely provided to the Defendant.

_____
César S. Rivera-Giraud
Assistant United States Attorney
Dated: 10/22/2018

_____
Rafael Anglada-Lopez
Counsel for Defendant
Dated: 10/23/2018

_____
Jose D. Suarez-Martinez
Defendant
Dated: 10/23/2018